# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILDHORSE RESOURCES MANAGEMENT COMPANY, LLC, | § § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-18-2456 |
| G&C CONSTRUCTION INTERNATIONAL, LLC, | § § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant G&C Construction International, LLC's ("G&C") motion for leave to file its first amended answer. Dkt. 35. Plaintiff Wildhorse Resources Management Company, LLC ("Wildhorse") responded. Dkt. 36. Having considered the motion, response, and applicable law, the court is of the opinion that G&C's motion for leave (Dkt. 35) should be DENIED.

Wildhorse originally filed suit in state court, and G&C removed. Dkt. 1. The court entered a scheduling order in the case on September 10, 2018. Dkt. 9. The scheduling order provides that any amended answers were due by November 20, 2018. *Id.* (providing that amendments to plaintiff's pleadings were due by October 31, 2018, and amended answers were due twenty days after that date). G&C did not file an amended answer by the November 20 deadline. Discovery in the case closed on March 15, 2019, and dispositive motions were due by April 12, 2019. *Id.* However, on May 9, 2019—over six months past the deadline— G&C filed a motion for leave to amend its answer. Dkt. 35.

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In assessing an untimely motion to amend pleadings under Rule 16, the court looks to four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Innova Hosp.*, 892 F.3d at 734.

None of these four factors weighs in G&C's favor. First, G&C's explanation for its untimely motion is that "the parties were not required to amend their pleadings" following removal. Dkt. 35 at 2. Second, G&C contends that the amendment is important because G&C now wishes to file an answer that complies with the Federal Rules. Dkt. 35 at 2–3. Neither of these arguments explains why G&C waited over six months to attempt to amend its answer. Rather, it appears that G&C is attempting to add an additional affirmative defense under the Texas Transportation Anti-Indemnity Act ("TTAIA") and sidestep Wildhorse's argument that G&C has waived that defense. *See id.* While the court will not resolve the waiver issue at this time, G&C must counter Wildhorse's waiver argument without the benefit of an amended answer.

Third and fourth, Wildhorse will suffer prejudice if the court allows G&C's requested amendment, and a continuance will not cure that prejudice. G&C contends that its untimely addition of the TTAIA defense will not prejudice Wildhorse because Wildhorse was on notice that the TTAIA might apply. Dkt. 35 at 4–5. However, discovery in this case closed nearly two months before G&C moved for leave to amend. Dkt. 9. G&C's motion was also filed almost a month after

the dispositive motions deadline. *Id.* The parties have therefore completed a significant amount of work in preparation for trial. The court will not presume that Wildhorse conducted its pretrial litigation activities in view of an affirmative defense that might possibly apply. Further, because of the advanced stage of this case, a mere continuance will not fix the issue. As G&C acknowledges, the court would need to reopen discovery and reset all subsequent deadlines. Dkt. 35 at 4. Because G&C has not shown good cause for its failure to timely amend its answer, the court declines to take this extraordinary step.

Accordingly, G&C's motion for leave to file a first amended answer (Dkt. 35) is DENIED.

Signed at Houston, Texas on June 21, 2019.

_____
Gray H. Miller
Senior United States District Judge